**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MARYAN MOHAMED AMIIN #A221-389-543** | **CIVIL ACTION NO. 3:26-CV-00729 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **RICHWOOD CORRECTIONAL CENTER** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Maryan Mohamed Amiin ("Amiin"), an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. Amiin seeks release from detention.

Because Amiin has not established that her detention is unlawful, the Petition should be DENIED.

## I. Background

Amiin is a native and citizen of Somalia who entered the United States on December 31, 2024. Doc. 9-1 at 19. She was apprehended near the border and has remained detained since December 31, 2024. *Id.* at 19-20.

According to Form I-213, Amiin was placed in expedited removal proceedings and did not express fear of returning to Somalia. *Id.* However, an immigration judge's order indicates that she was transferred to credible-fear

proceedings. Doc. 9-1 at 12. On September 17, 2025, an immigration judge denied asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure, and ordered Amiin removed to Somalia. Doc. 9-1 at 14. She appeal on October 14, 2025, briefing is complete, and the appeal remains pending.[1]

Amiin requested a bond redetermination hearing. The immigration judge denied bond, finding that Amiin was a flight risk. Doc. 9-1 at 12. The immigration judge also found that detention was mandatory because Amiin had been transferred from expedited removal proceedings to full removal proceedings after establishing a credible fear. *Id.*

## II. Law and Analysis

While *Zadvydas v. Davis*, 533 U.S. 678 (2001), indicates that post-removal-period detention under 8 U.S.C. § 1231(a)(6) may not continue indefinitely, *Zadvydas* expressed no reservation regarding the permissible length of detention while an alien's removal proceedings are ongoing. In *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018), the Supreme Court explained that "§§ 1225(b)(1) and (b)(2), unlike § 1231(a)(6), provide for detention for a specified period of time. Section 1225(b)(1) mandates detention 'for further consideration of the application for

---

[1] https://acis.eoir.justice.gov/en/caseInformation

asylum,' § 1225(b)(1)(B)(ii), and § 1225(b)(2) requires detention 'for a [removal] proceeding,' § 1225(b)(2)(A)."

Amiin's detention while her removal proceedings remain pending is materially different from the indefinite detention that could potentially occur where removal is not "practically attainable." *Zadvydas*, 533 U.S. at 690. While "[f]reedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty" that the Fifth Amendment's Due Process Clause protects, *id.*, Amiin asserts "[t]he impairment of a lesser interest," *Reno v. Flores*, 507 U.S. 292, 305 (1993), – namely, the right of a noncitizen apprehended at or near the border without valid documentation to seek release into the United States while her removal proceedings are ongoing. The Supreme Court has not recognized this as a fundamental right and instead has held that "[d]etention during removal proceedings is a constitutionally permissible part of the process." *Demore v. Kim*, 538 U.S. 510, 526 (2003); *see also Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 119 (observing that "respondent does not want 'simple release' but ultimately, the opportunity to remain lawfully in the United States.").

"The impairment of a lesser interest . . . demands no more than a 'reasonable fit' between governmental purpose . . . and the means chosen to advance that purpose." *Flores*, 507 U.S. at 305; *see also Anye v. Warden,* 5:26-CV-00072, 2026

WL 3031564, at *4 (S.D. Miss. Sept. 17, 2026) ("The "serious constitutional problem" of potentially "indefinite detention" found in *Zadvydas* does not exist here.").

Amiin's detention is not indefinite or potentially permanent. An immigration judge has ordered her removed, and her appeal remains pending. If the Board of Immigration Appeals ("BIA") affirms the removal order or dismisses the appeal, the order will become administratively final, and Amiin's detention will be governed by § 1231. If the BIA rules in Amiin's favor, the basis for her continued detention may change.

Additionally, Amiin's case is substantially different from *Sosnava-Rodriguez*, which involved individuals who lived in the interior of the United States without the Government's knowledge until their eventual apprehension. *See Sosnava-Rodriguez v. Ortega*, 26-50183, 2026 WL 1906557, at *15 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, 2026 WL 2014647 (5th Cir. July 10, 2026). Amiin, by contrast, was apprehended near the border shortly after entry. Doc. 9-1 at 19-20.

Finally, Amiin's health concerns do not entitle her to release. Habeas "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release." *Ahmed v. Warden*, No. 24-1110, 2024 WL

5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 5495437 (W.D. La. Dec. 11, 2024) (citations omitted); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *Sarres Mendoza v. Barr*, No. 18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("Claims concerning a prisoner's conditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action."). "Nor do allegations of mistreatment that amount to cruel and unusual punishment nullify an otherwise lawful detention." *Ahmed*, 2024 WL 5104545, at *1 (citations omitted).

## III. Conclusion

Because Amiin has not established that her detention violates the Constitution or laws of the United States, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should her continued detention become unlawful.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 13th day of October, 2026.



CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE